UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                        CRIMINAL ACTION NOS. 5:21-cr-00154
                                                                  5:22-cr-00002

LA PERCY DEMOND ALLEN

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant La Percy Demond Allen's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821 [ECF 106, 61], filed September 3, 2024.

On November 3, 2023, Mr. Allen was sentenced to 102 months imprisonment after pleading guilty to distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). His projected release is July 19, 2028.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points. It decreases them by one for individuals with seven or more criminal history points. It additionally eliminates status points for those with six or fewer criminal history points. Part B, subpart 1 creates a new §4C1.1 Guideline that provides a two-level decrease for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1, both apply retroactively.

At sentencing, Mr. Allen was assessed six criminal history points. No additional

status points were applied. A total of six criminal history points plus Mr. Allen's qualification as a career offender placed him in a Criminal History Category of VI. Based on a total offense level of 29 and a Criminal History Category of VI, Mr. Allen's guideline imprisonment range was 151 to 188 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Allen to 102 months, which was below his guideline range.

Critically, Mr. Allen was not assessed any criminal history points for "status," and he was not a zero-point offender. Given the retroactive application of Amendment 821, if sentenced today, Mr. Allen would still be placed in a Criminal History Category of VI. Therefore, pursuant to U.S.S.G. § 1B1.10(a)(2)(B), Mr. Allen is ineligible for a sentence reduction under Amendment 821 inasmuch as the amendment does not have the effect of lowering his applicable guideline range.

Accordingly, the Court **DENIES** Mr. Allen's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821. [**ECF 106, 61**].

The Clerk is directed to transmit a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:         March 3, 2025

Frank W. Volk
Chief United States District Judge